C. JOHN M. MELISSINOS (SBN 149224)
JMelissinos@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiff Diane C. Weil, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No. 1:16-bk-10543-VK |
| DEAN ALBERT MAURY CAZARES, an individual, | Chapter 7 |
| Debtor. | |
| DIANE C. WEIL, Chapter 7 Trustee, | Adversary Case No. _____ |
| Plaintiff, | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER** |
| v. | |
| GINA CAZARES, an individual, | |
| Defendant. | |

**JURISDICTION AND VENUE**

1.  Plaintiff Diane C. Weil, Chapter 7 Trustee ("Plaintiff" or the "Trustee") is the duly appointed and acting chapter 7 trustee of the bankruptcy estate (the "Bankruptcy Estate") of Debtor Dean Cazares ("Cazares" or the "Debtor"), the Debtor in a chapter 7 bankruptcy case pending before the United States Bankruptcy Court for the Central District of California, San

Fernando Valley Division (the "Bankruptcy Court"), bankruptcy case no. 1:16-bk-10543-VK (the "Bankruptcy Case"). Plaintiff consents to the entry of a final order and judgement by the Bankruptcy Court.

2. The Debtor commenced the Bankruptcy Case by filing a voluntary Petition under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") on February 25, 2016 (the "Petition Date").

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F). The Court can enter a final judgment herein.

4. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 157(a) and 1334. Venue is proper in this Court under 28 U.S.C. § 1409(a).

5. Plaintiff Trustee was appointed after the Petition Date. As a result, Plaintiff Trustee does not have personal knowledge of the facts alleged in this Complaint that occurred prior to the Petition Date and therefore alleges all those facts on information and belief.

6. Plaintiff is informed and believes and based thereon alleges that Defendant Gina Cazares ("Cazares") is an individual residing in San Diego, California.

7. Plaintiff reserves the right to amend this Complaint to allege additional claims against Defendants in addition to those alleged in this Complaint.

**GENERAL ALLEGATIONS**

**The Background of the Bankruptcy Case**

8. The first meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was initially set for March 25, 2016. It was continued to May 27, 2016 at the request of the Debtor, who is a musician, and who toured as "Fear Factory" for much of the spring of 2016 despite his bankruptcy filing.

9. On March 10, 2016 [Docket No. 12], the Debtor filed his Schedules and Statement of Financial Affairs, and then on April 21, 2016, the Debtor filed his *Summary of Amended Schedules, Master Mailing List, and/or Statements [LBR 1007-1(c)]* [Docket No. 19] (collectively with Docket No. 12, the "Schedules and SOFA"). Among other things, the Schedules and SOFA attach a long list of compositions in which the Debtor has an interest. Also, Docket No. 12

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

completely omitted mention of numerous items of property later disclosed in Docket No. 19, including Cazares' interests in Fear Campaign and Oxidizer, his interests in numerous copyrights, and his ownership interest in the Trademark "Fear Factory."

10. The total of all the Debtor's property listed on *Schedule A/B* as set forth on Docket No. 19 is only $44,273.32.

11. On May 27, 2016, the Debtor did appear at the continued 341(a) Meeting and was examined by the Trustee. The Trustee requested that the Debtor produce a number of documents and other information. On July 18, 2016, the Debtor appeared at a further continued 341(a) Meeting and was further briefly examined by the Trustee, at which time the Trustee asked the Debtor to produce additional documents and to file a declaration under penalty of perjury with respect to his relationship with certain of the entities listed in the Debtor's Schedules and SOFA. The 341(a) Meeting was continued again on several occasions to March 17, 2017, at which time the Debtor was examined again regarding new information regarding his bankruptcy estate which he had provided in the interim.

12. On March 2, 2017, the Debtor filed his *Amended Statement of Financial Affairs for Individuals Filing for Bankruptcy* [Docket No. 85] (the "2017 SOFA").

13. On August 28, 2017, the Debtor filed his once again *Amended Schedules A/B and C* [Docket No. 97].

14. The total of all the Debtor's property listed on *Schedule A/B* as set forth on Docket No. 97 is only $62,848.32.

15. A review of the Claims Register maintained by Clerk of the Bankruptcy Court for the Debtor's bankruptcy case shows that as of February 22, 2018, there were claims filed against the bankruptcy estate in the total amount of $993,648.30.

**The Transfer**

16. The 2017 SOFA reveals, in response to question 7, that the Debtor made a transfer to "Gina Cazares" in or about January, 2016 in the amount of $13,000.00 (the "Transfer") with the reason for the payment listed as "Repayment of loan from sister." Attached as Exhibit 1 hereto and incorporated herein by this reference is a copy of the 2017 SOFA.

17. In his testimony during the course of the 341(a) Meetings, the Debtor confirmed that he had caused money that he would have otherwise received to be directed to Defendant on account of repayment of a loan Defendant had made to the Debtor.

18. On or about March 22, 2017, the Trustee, through counsel, sent a demand letter to Defendant requesting repayment of the Transfer. Defendant has not repaid the Transfer or any part of it to the Trustee.

**The Stipulation for Entry of Judgment Signed by the Debtor.**

19. Prior to the Petition Date, the Debtor was a defendant in that certain pre-petition litigation known as *Raymond Herrera and Christian Olde Wolbers vs. Burton Bell and Dean Cazares*, Los Angeles Superior Court Case No. BC530728 (the "State Court Action"), initiated by Christian Olde Wolbers and Raymond Herrera (herein "H&W").

20. On December 16, 2015, the court in the State Court Action entered a *Stipulation for Entry of Judgment* (the "Stipulation for Entry of Judgment") signed by the Debtor against, *inter alia*, the Debtor in the amount of $214,307.24. In addition, the court reserved jurisdiction to hear a motion for the attorneys' fees and costs of H&W. On April 13, 2016, the court in the State Court Action entered an *Amended Judgment* against, *inter alia*, the Debtor including the additional amounts of $681,060.00 in attorneys' fees and $10,238.17 in costs.

21. Based on the Debtor's Schedules and Statements, and the Stipulation for Entry of Judgment and Amended Judgment entered in the State Court Action, Plaintiff is informed and believes and based thereon alleges that from at least the date of entry of the Stipulation for Entry of Judgment (and earlier) the Debtor was insolvent.

## FIRST CLAIM FOR RELIEF

## FOR AVOIDANCE OF PREFERENTIAL TRANSFER

(11 U.S.C. § 547(b))

22. Plaintiff repeats the allegations of paragraphs 1-21 with the same effect as if set forth here.

/ / /

/ / /

23. Plaintiff is informed and believes and based thereon alleges that the Transfer constituted a transfer of an interest of the Debtor in property within the meaning of 11 U.S.C. § 547(b).

24. Plaintiff is informed and believes and based thereon alleges that the Transfer took place within 90 days of the Petition Date.

25. Plaintiff is informed and believes and based thereon alleges that Defendant was a creditor of the Debtor within the meaning of 11 U.S.C. § 101(10), because at or before the time of the Transfer, Defendant asserted that she had a right to payment on account of an obligation allegedly owed to Defendant by the Debtor by reason of the loan or loans she had made to the Debtor.

26. Plaintiff is informed and believes and based thereon alleges that the Transfer is a transfer of property of the Debtor on account of an antecedent debt for which the Debtor was legally bound to pay.

27. Plaintiff is informed and believes and based thereon alleges that at the time of the Transfer, the Debtor was insolvent within the meaning of 11 U.S.C. § 101(32) by reason of the fact that the sum of the Debtor's debts is greater than all of the Debtor's property, at fair value, as of 90 days prior to the Petition Date.

28. Plaintiffs is informed and believes and based thereon alleges that by reason of the Transfer, Defendant will receive more than Defendant would otherwise have received if the Transfer had not been made and Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code, because, based on the financial condition of the Debtor, including that he was insolvent 90 days prior to the Petition Date or in any case at the time of the Transfer.

29. By reason of the foregoing, Plaintiff is entitled to avoid the Transfer pursuant to 11 U.S.C. § 547(b).

/ / /

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## SECOND CLAIM FOR RELIEF

## FOR RECOVERY OR PAYMENT ON ACCOUNT OF AVOIDED TRANSFER

(11 U.S.C. § 550(a))

30. Plaintiff repeats the allegations of paragraphs 1-21 and 23-29 with the same effect as if set forth here.

31. To the extent that the Court finds that Defendant received an avoidable transfer, Plaintiff is entitled to recover from Defendant the amount of such transfer or damages equal to the value thereof, together with such interest as the law might allow.

WHEREFORE, Plaintiff prays for entry of a judgment against Defendant, and each of them, as follows:

1. For the avoidance and recovery of the Transfers, or the recovery of the value thereof;

2. For prejudgment interest;

3. For attorneys' fees and costs; and

4. For any and all other relief the Court deems appropriate.

DATED: February 23, 2018
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ C. John M. Melissinos*
C. JOHN M. MELISSINOS
Attorneys for Plaintiff Diane C. Weil,
Chapter 7 Trustee

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

92837-00002/2973745.3    6    COMPLAINT

# EXHIBIT "1"

## United States Bankruptcy Court
### Central District of California - San Fernando Valley Division Chapter 7

| | | | |
|---|---|---|---|
| In re | Dean Albert Maury Cazares | Case No. | 1:16-bk-10543 |
| | Debtor(s) | Chapter | 7 |

## AMENDED
## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing document(s), consisting of __7__ page(s), and that they are true and correct to the best of my knowledge, information, and belief.

Date **March 1, 2017**       Signature  **Dean Albert Maury Cazares**
                                        Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Dean Albert Maury Cazares** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION CHAPTER 7 | | |
| Case number (if known) | 1:16-bk-10543 | | |

■ Check if this is an amended filing

# Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Give Details About Your Marital Status and Where You Lived Before

1. **What is your current marital status?**

   ■ Married
   ☐ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

   ■ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

   | Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
   |---|---|---|---|

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

   ☐ No
   ■ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

4. **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No
   ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ■ Wages, commissions, bonuses, tips | $4,262.73 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

Debtor 1   **Dean Albert Maury Cazares**     Case number (if known)   **1:16-bk-10543**

|  | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
|  | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) |
| For last calendar year:<br>(January 1 to December 31, 2015) | ■ Wages, commissions, bonuses, tips<br>☐ Operating a business | $79,802.62 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business |  |
| For the calendar year before that:<br>(January 1 to December 31, 2014) | ■ Wages, commissions, bonuses, tips<br>☐ Operating a business | $81,143.00 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business |  |

5. **Did you receive any other income during this year or the two previous calendar years?**
   Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

   List each source and the gross income from each source separately. Do not include income that you listed in line 4.

   ■ No
   ☐ Yes. Fill in the details.

|  | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
|  | Sources of income<br>Describe below. | Gross income<br>(before deductions and exclusions) | Sources of income<br>Describe below. | Gross income<br>(before deductions and exclusions) |

### Part 3: List Certain Payments You Made Before You Filed for Bankruptcy

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

   ■ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,225* or more?

   ■ No.   Go to line 7.
   ☐ Yes   List below each creditor to whom you paid a total of $6,225* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
   * Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment.

   ☐ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

   ☐ No.   Go to line 7.
   ☐ Yes   List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
   *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

   ☐ No
   ■ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

Debtor 1    Dean Albert Maury Cazares                                        Case number (if known)    1:16-bk-10543

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| Gina Cazares<br>4990 Elsa Road<br>San Diego, CA 92120 | 1/2016 | $13,000.00 | $0.00 | Repayment of loan from sister |

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

   ■ No
   ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|

### Part 4:  Identify Legal Actions, Repossessions, and Foreclosures

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

   ☐ No
   ■ Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Raymond Herrera, an individual, and Christian Olde Wolbers, an individual vs. Burton Bell, an individual, Dean Cazeras, an individual, and DOES 1 through 20, inclusive<br>BC530728 | Breach of Contract | Superior Court of California<br>Los Angeles County<br>111 North Hill Streeet<br>Los Angeles, CA 90012 | ■ Pending<br>☐ On appeal<br>☐ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

    ■ No
    ☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br>Explain what happened | Date | Value of the property |
|---|---|---|---|

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

    ■ No
    ☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

    ■ No
    ☐ Yes

| Debtor 1 | Dean Albert Maury Cazares | | Case number (if known) | 1:16-bk-10543 |
|---|---|---|---|---|

### Part 5: List Certain Gifts and Contributions

13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?
    - ■ No
    - ☐ Yes. Fill in the details for each gift.

    | Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
    |---|---|---|---|

    **Person to Whom You Gave the Gift and Address:**

14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity
    - ■ No
    - ☐ Yes. Fill in the details for each gift or contribution.

    | Gifts or contributions to charities that total more than $600 Charity's Name Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
    |---|---|---|---|

### Part 6: List Certain Losses

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?
    - ■ No
    - ☐ Yes. Fill in the details.

    | Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of Schedule A/B: Property. | Date of your loss | Value of property lost |
    |---|---|---|---|

### Part 7: List Certain Payments or Transfers

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
    Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.
    - ☐ No
    - ■ Yes. Fill in the details.

    | Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
    |---|---|---|---|
    | Landsberg Law, APC<br>280 South Beverly Drive, Suite 504<br>Beverly Hills, CA 90212<br>ian@lansdberg-law.com | Attorney fee and filing fee | 2/25/16 | $4,335.00 |

17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
    Do not include any payment or transfer that you listed on line 16.
    - ☐ No
    - ■ Yes. Fill in the details.

    | Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
    |---|---|---|---|
    | Landsberg Law, APC<br>280 South Beverly Drive<br>Beverly Hills, CA 90212 | Retainer for services related to lawsuit filed by creditors Raymond Herrera and Christian Olde Wolbers | February 25, 2016 | $4,335.00 |

18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property

Debtor 1   **Dean Albert Maury Cazares**   Case number (if known) **1:16-bk-10543**

---

transferred in the ordinary course of your business or financial affairs?
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer Address | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

**Person's relationship to you**

19. Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary? (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

### Part 8: List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ No
■ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| Chase Bank | XXXX-6682 | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other ___ | 4/13/15 | $0.00 |

21. Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

Debtor 1    Dean Albert Maury Cazares                                    Case number (if known)   1:16-bk-10543

## Part 9: Identify Property You Hold or Control for Someone Else

23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

    ■ No
    ☐ Yes. Fill in the details.

    | Owner's Name<br>Address (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
    |---|---|---|---|

## Part 10: Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

- *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.
- *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.
- *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

    ■ No
    ☐ Yes. Fill in the details.

    | Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
    |---|---|---|---|

25. Have you notified any governmental unit of any release of hazardous material?

    ■ No
    ☐ Yes. Fill in the details.

    | Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
    |---|---|---|---|

26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

    ■ No
    ☐ Yes. Fill in the details.

    | Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
    |---|---|---|---|

## Part 11: Give Details About Your Business or Connections to Any Business

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

    ☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

    ☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

    ☐ A partner in a partnership

    ☐ An officer, director, or managing executive of a corporation

    ☐ An owner of at least 5% of the voting or equity securities of a corporation

Debtor 1  Dean Albert Maury Cazares                                    Case number (if known) 1:16-bk-10543

■ No. None of the above applies. Go to Part 12.

☐ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

■ No
☐ Yes. Fill in the details below.

Name                                           Date Issued
Address
(Number, Street, City, State and ZIP Code)

**Part 12:** Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

Dean Albert Maury Cazares                      Signature of Debtor 2
Signature of Debtor 1

Date  March 1, 2017                            Date

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
■ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: *9300 Wilshire Blvd., Suite 565, Beverly Hills, CA 90212*

A true and correct copy of the foregoing document described as **" AMENDED DECLARATION CONCERNING DEBTOR'S SCHEDULES"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 2, 2017 , checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
- *Larry Castruita*    larrycastruita@gmail.com
- *Robbin L Itkin*    ritkin@linerlaw.com, cbullock@linerlaw.com
- *Ian Landsberg*    ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- *C John M Melissinos*    jmelissinos@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- *United States Trustee (SV)*    ustpregion16.wh.ecf@usdoj.gov
- *Diane Weil (TR)*    DCWTrustee@dgdk.com, dweil@dgdk.com,dweil@ecf.epiqsystems.com,cblair@dgdk.com

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On March 2, 2017 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 2, 2017 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email, on the date indicated next to the method of service used for each person(s) or entity(ies) served as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367
Honorable Victoria S. Kaufman chamber

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 2, 2016 | Yesennia Alarcon | /s/ Yesennia Alarcon |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

# SERVICE LIST

*Served Via U.S Mail:*

Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Trustee
Diane Weil
1900 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067-90017

C John M Melissinos
Greenberg Glusker
1900 Avenue of the Stars 21st Fl
Los Angeles, CA 90067

Dean Albert Maury Cazares
5242 Auckland Avenue #3
North Hollywood, CA 91601-3534
LOS ANGELES-CA

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Diane C. Weil, Chapter 7 Trustee | **DEFENDANTS**<br>GINA CAZARES, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Greenberg Glusker Fields Claman & Machtinger LLP<br>1900 Avenue of the Stars, 21st Fl.<br>Los Angeles, CA 90067<br>Tel: 310 553-3610 | **ATTORNEYS** (If Known)<br>n/a |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

1. Avoidance of Preferential Transfer; 11 U.S.C. 547(b)
2. Recovery or Payment on Account of Avoided Transfer; 11 U.S.C. 550(a)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ [1] 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $13,000.00 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Dean Albert Maury Cazares, an individual | BANKRUPTCY CASE NO.<br>1:16-bk-10543-VK | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>The Honorable Victoria A. Kaufman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF  Olde Wolbers et al.;<br>PLAINTIFF Diane C. Weil, Chapter 7 Trustee | DEFENDANT  Cazares;<br>DEFENDANT  Cazares et al. | ADVERSARY PROCEEDING NOS.<br>1:16-ap-01080-VK<br>1:17-ap-01017-VK |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Central | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>The Honorable Victoria A. Kaufman |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | |
| DATE<br>February 23, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>C. John M. Melissinos | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.